**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CIVIL ACTION NO. 1:25-CV-00130-CRS-HBB**

**MICHAEL S.**[1]                                                                          **PLAINTIFF**

**VS.**

**FRANK BISIGNANO,**
**COMMISSIONER OF SOCIAL SECURITY**                                **DEFENDANT**


**FINDINGS OF FACT, CONCLUSIONS OF LAW**
**AND RECOMMENDATION**

### I.        BACKGROUND

Before the Court is the Complaint (DN 1) of Michael S. ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g).   Both the Plaintiff (DN 13) and Defendant (DN 14) have filed briefs in support of their positions.   For the reasons that follow, the undersigned **RECOMMENDS** that the Court **AFFIRM** the final decision of the Commissioner, and judgment be **GRANTED** for the Commissioner.

Pursuant to General Order No. 2023-02 and 28 U.S. C. § 636(b)(1)(B), this matter has been referred to the undersigned United States Magistrate Judge to review the Fact and Law Summaries and submit Findings of Fact, Conclusions of Law, and Recommendations.   By Order entered (DN 9), the parties were notified that oral arguments would not be held unless a written request therefore was filed and granted.   No such request was filed.

### II.        FINDINGS OF FACT

On August 1, 2022, Plaintiff protectively filed an application for Supplemental Security Income (Tr. 12, 75, 83, 245-51).   Plaintiff alleged that he became disabled on May 28, 2022, as a

---

1 Pursuant to General Order 22-05, Plaintiff's name in this matter was shortened to first name and last initial.

result of diabetes; neuropathy in the arms and legs; gout; degenerative disc disease of the cervical and lumbar spine; osteoarthritis in both knees and both shoulders; ventral hernia; splenomegaly and enlarged liver; bilateral carpal tunnel syndrome; elevated ferritin level; and depression (Tr. 12, 75, 83). The application was denied initially on March 8, 2023, and upon reconsideration on August 16, 2023 (Tr. 127-28, 142-43). On September 6, 2023, Plaintiff filed a written request for hearing (Tr. 171-72).

Administrative Law Judge Antony Sargas ("ALJ") conducted a hearing in Campbellsville, Kentucky (Tr. 27). Plaintiff and his counsel, Gail M. Wilson, participated in the hearing (*Id.*). Laura Lykins, an impartial vocational expert, testified during the hearing (*Id.*).

In a decision dated May 21, 2024, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 12-20). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since August 1, 2022, the application date (Tr. 14). At the second step, the ALJ determined that Plaintiff has the following severe medically determinable impairments: degenerative disc disease; multi-joint osteoarthritis including knees and shoulders; diabetes with neuropathy; gout; hypertension; hyperlipidemia; and obesity (*Id.*). The ALJ also determined that Plaintiff has the following non-severe medically determinable impairments: tachycardia; gastroesophageal reflux disease ("GERD"); obstructive sleep apnea; mild hepatic steatosis; and depression (Tr. 14-15). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 15-16).

At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b) except 416.967(b) except with no more than four hours standing and/or walking per day; occasional stooping, kneeling, crouching, crawling, or climbing ramps or stairs; never climbing ladders, ropes, or scaffolds; no workplace hazards such as unprotected heights or moving mechanical parts; no commercial driving; no uneven terrain; no overhead reaching with the non-dominant left upper extremity; no operation of foot controls with both lower extremities; and no concentrated exposure to vibration or temperature extremes (Tr. 16). Additionally, the ALJ determined that Plaintiff is unable to perform any past relevant work (Tr. 18).

The ALJ proceeded to the fifth step where he considered Plaintiff's residual functional capacity, age, education, and past work experience, as well as testimony from the vocational expert (Tr. 19-20). The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (*Id.*). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, since August 1, 2022, the date the application was filed (Tr. 20).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 242-44). The Appeals Council denied Plaintiff's request for review (Tr. 1-3).

### III. CONCLUSIONS OF LAW

#### A. Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993); *Wyatt v. Sec'y of Health & Hum. Servs.*, 974 F.2d 680,

683 (6th Cir. 1992), and whether the correct legal standards were applied. *Landsaw v. Sec'y of Health & Hum. Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Cotton*, 2 F.3d at 695 (quoting *Casey v. Sec'y of Health & Hum. Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Cohen v. Sec'y of Health & Hum. Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the ALJ's decision and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996); *Cotton*, 2 F.3d at 695-96.

### B.     The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Supplemental Security Income to people with disabilities. 42 U.S.C. § 1381 *et seq.* (Title XVI Supplemental Security Income). The term "disability" is defined as an:

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]

42 U.S.C. § 1382c(a)(3)(A) (Title XVI); 20 C.F.R. § 416.905(a); *Barnhart v. Walton*, 535 U.S. 212, 214 (2002); *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim.   *See* "Evaluation of disability in general," 20 C.F.R. § 416.920(a).   In summary, the evaluation proceeds as follows:

1)   Is the claimant engaged in substantial gainful activity?

2)   Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3)   Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4)   Does the claimant have the RFC to return to his or her past relevant work?

5)   Does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

20 C.F.R. § 416.920(a)(4)(i)-(v).   Here, the ALJ denied Plaintiff's claim at the fifth step.

**C.   Step Two**

**1.   *Arguments of the Parties***

Plaintiff contends substantial evidence does not support the ALJ's finding that his depression is a non-severe impairment (DN 13 PageID # 941) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234 (6th Cir. 2007)).   In support of his position, Plaintiff points to his total score of 21 for depression screening on March 12, 2024, his complaints to the primary health care professional, and an October 3, 2022, treatment note indicating he complained of depression and that his condition was progressively deteriorating (Tr. 369, 897-98).

In response, Defendant asserts the ALJ adequately considered the nature and severity of Plaintiff's depression and found it was not severe because it resulted in no more than mild limitations in the four areas of mental functioning, known as the "paragraph B" criteria (DN 14 PageID # 946) (citing Tr. 15 and 20 C.F.R. Part 404, Subpart P, Appendix 1).    Defendant observes that the evidence cited by Plaintiff is self-reported symptoms (including his PHQ-9 score of 21), as opposed to clinical findings or other objective evidence (*Id.* at PageID # 947) (citing *Hickman v. Kijakazi*, No. 1:21-CV-00081-LLK, 2022 WL 1322863, at *4 (W.D. Ky. May 3, 2022).

### 2.    *Discussion*

At the second step, Plaintiff has the burden on demonstrating he suffers from a "severe medically determinable physical or mental impairment that meets the duration requirement . . . or a combination of impairments that is severe and meets the duration requirement . . ."   20 C.F.R. § 416.920(a)(4)(ii); Social Security Ruling 16-3p, 2017 WL 5180304, at *11 (Oct. 25, 2017); *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (per curiam).   Here, the ALJ found Plaintiff's depression is a medically determinable mental impairment (Tr. 15).

To satisfy the "severe" requirement Plaintiff had the burden of demonstrating his depression "significantly limit[s]" his mental ability to do "basic work activities."   20 C.F.R. § 416.922(a).   The determination whether Plaintiff's mental condition "significantly limits" his ability to do one or more basic work activities is based upon the degree of functional limitation in four broad functional areas that are known as the "paragraph B" criteria.   20 C.F.R. § 416.920a(c)(3); 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00E.   The four broad functional areas are: "Understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself."   20 C.F.R. § 416.920a(c)(3).   They are evaluated

on the following five-point rating scale: "None, mild, moderate, marked, and extreme."   20 C.F.R. § 416.920a(c)(4).

The pertinent part of the ALJ's decision reads:

The first functional area is understanding, remembering, or applying information. In this area, the claimant has a mild limitation.   The next functional area is interacting with others.   In this area, the claimant has a mild limitation.   The third functional area is concentrating, persisting, or maintaining pace.   In this area, the claimant has a mild limitation.   The fourth functional area is adapting or managing oneself.   In this area, the claimant has a mild limitation.   At the hearing, the claimant described little mental limitation in these areas, noting mainly physical limitations.   However, he stated that he has depression and that medications are not helping much, complaints that have been documented in his medical records (Exhibit IF, p. 31; 7F, p. 27).   In a function report, the claimant described mostly physical limitations, and indicated that he cares for his personal needs, drives, shops, can pay bills and manage money and bank accounts, and is fair with his ability to follow spoken instructions (Exhibit 2E).   Viewing all available evidence in the light most favorable to the claimant, the undersigned finds mild limitation in these areas of functioning.

Because the claimant's medically determinable mental impairment causes no more than "mild" limitation in any of the functional areas, it is nonsevere (20 CFR 416.920a(d)(1)).

(Tr. 15).   The ALJ's findings are supported by substantial evidence in the record and comply with applicable law.

Further, the undersigned notes that Tr. 369, 897-98 merely recite Plaintiff's subjective complaints about his depression, they do not provide clinical findings or other objective evidence. For example, Tr. 897-98 provides Plaintiff's subjective responses on the PHQ-9, his score of 21, what the score may indicate, and treatment/referral suggestions for the provider.   A sister court has observed, "[t]he PHQ-9 is the depression module of the Patient Health Questionnaire (PHQ), which is 'a self-administered diagnostic instrument for common mental disorders. . . It scores each of the 9 DSM–IV [Diagnostic and Statistical Manual] criteria as 0 (not at all) to 3 (nearly every

day).'" *Seals v. Comm'r of Soc. Sec.*, No. 1:18 CV 1345, 2019 WL 4141499, at *2 n.2 (N.D. Ohio Aug. 30, 2019).

As the ALJ found Plaintiff had several severe impairments and then considered the limitations imposed by Plaintiff's medically determinable severe and non-severe impairments in determining whether Plaintiff retained sufficient RFC to allow her to return to other jobs in the national economy, the ALJ's failure to find Plaintiff's depression is "severe" within the meaning of the regulations does not constitute reversible error. *Maziarz v. Sec'y of Health & Hum. Servs.*, 837 F.2d 240, 244 (6th Cir. 1987). The undersigned observes that the ALJ specifically indicated that the RFC assessment reflects the degree of limitation he found in the "paragraph B" mental function analysis (Tr. 15).

### D. RFC Findings

#### 1. *Arguments of the Parties*

Plaintiff argues the ALJ should have found he has the RFC to perform sedentary work due to frequent bouts of gout, diabetic neuropathy in his feet and hands, and carpal tunnel syndrome in both hands (DN 13 PageID # 942). Additionally, Plaintiff contends the ALJ failed to properly consider the combined effect of the limitations caused by his physical and mental impairments in making the RFC findings.

Defendant asserts that the ALJ properly evaluated Plaintiff's RFC under the regulations and reasonably found Plaintiff has the RFC to perform a significantly reduced range of light work (DN 14 PageID # 948). Defendant points out that Plaintiff relies on his subjective testimony about the limitations imposed by his diabetic neuropathy, gout, and carpal tunnel syndrome (*Id.*) (citing Tr. 37, 39). Defendant explains that the ALJ found Plaintiff's testimony was not consistent

with his treatment history and the objective evidence (*Id.*) (citing Tr. 17-18, 358, 369, 373, 377, 383, 391, 399, 405, 409, 413, 466-467, 698).   Further, the ALJ considered the objective imaging findings in the record, poor effort at the consultative examination, treatment records, and the state agency consultants' assessments (*Id.* at PageID # 949) (citing Tr. 17-18, 75-81, 83-89, 503, 537, 698, 445-49).

### 2.    *Discussion*

The residual functional capacity ("RFC") determination is the ALJ's ultimate determination of what a claimant can still do despite his or her physical and mental limitations. 20 C.F.R. §§ 404.1545(a), 404.1546(c), 416.945(a), 416.946(c).   ALJs make this finding based on a consideration of medical source statements, prior administrative medical findings, and all other evidence in the case record.   20 C.F.R. §§ 404.1529, 404.1545(a)(3), 404.1546(c), 416.929, 416.945(a)(3), 416.946(c).   Thus, in making the RFC determination ALJs must necessarily evaluate the persuasiveness of the medical source statements and prior administrative medical findings in the record as well as assess the claimant's subjective allegations.   20 C.F.R. §§ 404.1520c, 404.1529(a), 416.1520c, 416.1529(a).

The relevant paragraphs of the ALJ's decision read:

The claimant's obesity, hyperlipidemia, hypertension, diabetes, neuropathy, and gout were discussed in the previous decision, and the medical evidence of record contains little new information regarding these conditions.   The claimant's degenerative disc disease and osteoarthritis were also discussed in detail in the previous decision, and the medical evidence now has limited new records related to these conditions (Exhibit 4A).   MR1 of the claimant's lumbar spine in August of 2021 showed mild central canal stenosis al L2-3; moderate central canal stenosis at L3-4 with mild right and moderately severe left neural foraminal stenosis; and mild central canal stenosis at L4-5 with mild bilateral foraminal narrowing (Exhibit 3F, p. 38).   MRI of the claimant's left shoulder in March of 2022 identified moderate to marked AC joint arthrosis with a full thickness supraspinatus tear, bursitis, and tendinosis (Exhibit 4F. p. 9).   However, most examinations have

repeatedly described only tenderness in the lumbar spine and sacroiliac joint with pain with range of motion, and have not noted any loss of strength or sensation or an abnormal gait (e.g. Exhibits IF, pp. 19, 30, 34, 38, 44, 52, 60; 2F, pp. 3, 7.1 l). While he has reported falls and trouble picking his feet up when his pain is bad, he has declined referral to physical therapy (Exhibit 3F, pp. l-2). Examination at a pain management clinic in February of 2024 noted parasthesias in the L5 and S1 dermatome, positive straight leg raising and tenderness and reduced range of motion in the lumbar spine, but indicated that the claimant ambulated without an assistive device (Exhibit 10F, p. 19).

Lorie Richerson, APRN examined the claimant in February of 2023, and observed that he had a steady gait with no assistive device and full range of motion in all joints in the extremities with no redness, swelling, heat, or deformity. He had no paraspinal muscle spasms but had limited range of motion in the lumbar spine. Grip strength was 3/5 but with noted poor effort. Sensation was intact with no pathological reflexes. Muscle strength testing was 5/5 able to walk on heels and toes and tandem walk. He could perform fine and gross manipulation and dexterous movements with each hand and had good manual dexterity. APRN Richerson noted that the claimant made poor effort during these maneuvers. X-rays of the lumbosacral spine showed mild multilevel spondylosis and degenerative disc disease. APRN Richerson gave diagnoses including diabetes, gout, degenerative disc disease with neuropathy, and osteoarthritis, and stated that the claimant may have difficulty with prolonged walking and standing and may have problems with heavy lifting and carrying but light weights should not be a problem (Exhibit 2F, pp. 43-47). This opinion is somewhat persuasive, as it is at least partially consistent with the medical evidence of record, and restrictions in standing and walking, and in use of extremities, were merged into the residual functional capacity herein to the extent proportionate with the consultative opinion's logical alignment with the longitudinal evidence as outlined above.

The opinions of the state agency psychological consultants are not persuasive, as medical records have noted some treatment for depression. The opinions of the state agency medical consultants are not entirely persuasive, as the medical evidence of record supports somewhat greater limitations, including extremity and environmental restrictions, as added to the residual functional capacity herein (Exhibits 2A, 3A).

After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could cause some of the alleged symptoms. However, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision. No treating physician has stated that the claimant is disabled, and he has declined referral to physical therapy. He put forth poor effort at a consultative

examination, and examinations by his treating clinicians have repeatedly described only tenderness in the lumbar spine and sacroiliac joint with pain with reduced range of motion, but have not noted any loss of strength or sensation nor an abnormal gait.  In conjunction with the available imaging studies, such clinical exam findings support limitation to light work with added postural, extremity, and environmental restrictions as described in the residual functional capacity, but not limitations to the full extent alleged by the claimant.

(Tr. 17-18).   The above paragraphs demonstrate, in making the RFC determination, the ALJ evaluated the persuasiveness of the medical source statements and prior administrative medical findings in the record as well as assessed Plaintiff's subjective allegations about his physical and mental impairments.   The ALJ's findings are supported by substantial evidence in the record and comply with the applicable regulations.   Consequently, Plaintiff's challenges to the ALJ's RFC assessment are without merit.

Plaintiff also challenges Finding Nos. 9 and 10 on the basis that he is "disabled and cannot work" (DN 13 PageID # 939).   For the reasons set forth above, there is no merit to these challenges.

## IV.   CONCLUSION

As the undersigned noted previously, "[a]s long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion . . ."   *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (citation modified).   Regardless of how the undersigned may view the evidence, it is not this Court's place to re-try or re-evaluate the findings of the ALJ.   42 U.S.C. § 405(g).   Rather, the undersigned is only to find if substantial evidence exists to support the ALJ's decision and if the ALJ followed the applicable law.   *Id.*   After reviewing the record, the undersigned concludes that the ALJ's determination is supported by substantial evidence in the

record and correctly follows the applicable law.   Therefore, Plaintiff is not entitled to relief regarding his challenges.

## V.      RECOMMENDATION

For the foregoing reasons, the undersigned concludes that the Commissioner's findings are supported by substantial evidence and comply with applicable law.   As such, the undersigned **RECOMMENDS** that the Court **AFFIRM** the final decision of the Commissioner, and judgment be **GRANTED** for the Commissioner.

June 2, 2026

**H. Brent Brennenstuhl
United States Magistrate Judge**

## VI.      NOTICE

Therefore, under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties.   Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court.   If a party has objections, such objections must be timely filed, or further appeal is waived.   *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985).

June 2, 2026

**H. Brent Brennenstuhl
United States Magistrate Judge**

Copies:         Counsel

12